# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
HOLLAND, RHONDA M § Case No. 09-48025
§
           Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter ____ of the United States Bankruptcy Code on ____. The undersigned trustee was appointed on ____.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of      $

      Funds were disbursed in the following amounts:

      Administrative expenses
      Payments to creditors
      Non-estate funds paid to 3rd Parties
      Payments to the debtor

      Leaving a balance on hand of[1]     $

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009) *(Page: 1)*

      6.  The deadline for filing claims in this case was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

      7.  The Trustee's proposed distribution is attached as **Exhibit D**.

      8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____.  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

      The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____.  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____.

      Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.


Date:_____        By:/s/RONALD R. PETERSON_____
                                                        Trustee


**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

FORM 1
Case 09-48025    Doc 24    Filed 07/22/10    Entered 07/22/10 11:07:02    Desc Main
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
Document      Page 3 of 9
ASSET CASES

Page: 1

| Case No: | 09-48025 | Judge: SUSAN PIERSON SONDERBY | Trustee Name: | RONALD R. PETERSON | Exhibit A |
|---|---|---|---|---|---|
| Case Name: | HOLLAND, RHONDA M | | Date Filed (f) or Converted (c): | 12/18/09 (f) | |
| | | | 341(a) Meeting Date: | 02/01/10 | |
| For Period Ending: | 07/21/10 | | Claims Bar Date: | 05/05/10 | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets | Lien Amount | Exempt Amount |
| 1. Real Estate located at 9148 S. Eggleston, Chicago | 140,500.00 | 0.00 | | 0.00 | 0.00 | 148,625.00 | 0.00 |
| 2. Real Estate located at 125 W 150th St, Harvey, IL | 95,000.00 | 99.00 | | 0.00 | 99.00 | 94,901.00 | 0.00 |
| 3. Real Estate located at 8023 S. Marquette, Chicago, | 170,000.00 | 13,010.00 | | 0.00 | 13,010.00 | 156,990.00 | 0.00 |
| 4. Cash on hand | 20.00 | 20.00 | | 0.00 | 20.00 | 0.00 | 0.00 |
| 5. Savings Account with Harris Bank | 263.00 | 263.00 | | 0.00 | 263.00 | 0.00 | 0.00 |
| 6. Checking account with Harris Bank | 774.71 | 774.71 | | 0.00 | 774.71 | 0.00 | 0.00 |
| 7. Miscellaneous Household Goods | 1,500.00 | 1,500.00 | | 0.00 | 1,500.00 | 0.00 | 0.00 |
| 8. Miscellaneous books, cd's, videos | 200.00 | 200.00 | | 0.00 | 200.00 | 0.00 | 0.00 |
| 9. Clothing | 3,000.00 | 3,000.00 | | 0.00 | 3,000.00 | 0.00 | 0.00 |
| 10. Miscellaneous costume jewelry | 1,000.00 | 1,000.00 | | 0.00 | 1,000.00 | 0.00 | 0.00 |
| 11. Term Life Insurance, no cash surrender value | 0.00 | 0.00 | | 0.00 | 0.00 | 0.00 | 0.00 |
| 12. Whole Life Insurance, son is beneficiary | 1,477.00 | 1,477.00 | | 0.00 | 1,477.00 | 0.00 | 0.00 |
| 13. 401k, through employer | 23,808.00 | 23,808.00 | | 0.00 | 23,808.00 | 0.00 | 0.00 |
| 14. Child support owed to debtor | 7,000.00 | 7,000.00 | | 0.00 | 7,000.00 | 0.00 | 0.00 |
| 15. estimated tax refund for 2009 (2008 refund was $65 | 6,540.00 | 6,540.00 | | 8,909.00 | FA | 0.00 | 0.00 |

UST Form 101-7-TFR (9/1/2009) *(Page: 3)*

LFORM1EX

Ver: 15.10b

**FORM 1**

**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**

**ASSET CASES**

Page: 2

Exhibit A

| Case No: | 09-48025 | Judge: SUSAN PIERSON SONDERBY | Trustee Name: | RONALD R. PETERSON |
|---|---|---|---|---|
| Case Name: | HOLLAND, RHONDA M | | Date Filed (f) or Converted (c): | 12/18/09 (f) |
| | | | 341(a) Meeting Date: | 02/01/10 |
| | | | Claims Bar Date: | 05/05/10 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Abandoned OA=554(a) DA=554(c) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets | Lien Amount | Exempt Amount |
| 16. Back rent owed to debtor | 2,500.00 | 2,500.00 | | 0.00 | 2,500.00 | 0.00 | 0.00 |
| 17. Automobile, 2005 Nissan Altima, 30k miles | 8,500.00 | 8,500.00 | | 0.00 | 8,500.00 | 0.00 | 0.00 |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.52 | Unknown | 0.00 | 0.00 |

| | | | | | Gross Value of Remaining Assets | | |
| TOTALS (Excluding Unknown Values) | $462,082.71 | $69,691.71 | | $8,909.52 | $63,151.71 | $400,516.00 | $0.00 |
| | | | | | (Total Dollar Amount in Column 6) | | |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:


Initial Projected Date of Final Report (TFR):   / /        Current Projected Date of Final Report (TFR):   / /


_____    Date: _____

RONALD R. PETERSON

UST Form 101-7-TFR (9/1/2009) *(Page: 4)*

LFORM1EX

Ver: 15.10b

**FORM 2**

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 1

Exhibit B

| | | |
|---|---|---|
| Case No: | 09-48025 -SPS | |
| Case Name: | HOLLAND, RHONDA M | |
| Taxpayer ID No: | *******9672 | |
| For Period Ending: | 07/21/10 | |

| | | |
|---|---|---|
| Trustee Name: | RONALD R. PETERSON | |
| Bank Name: | BANK OF AMERICA, N.A. | |
| Account Number / CD #: | *******0422 Money Market Account (Interest Earn | |
| Blanket Bond (per case limit): | $ 5,000,000.00 | |
| Separate Bond (if applicable): | | |

| 1<br>Transaction Date | 2<br>Check or Reference | 3<br>Paid To / Received From | 4<br>Description Of Transaction | Uniform Tran. Code | 5<br>Deposits ($) | 6<br>Disbursements ($) | 7<br>Account / CD Balance ($) |
|---|---|---|---|---|---|---|---|
| 04/17/10 | 15 | Rhonda M. Holland<br>9148 S. Eggleston<br>Chicago, Ill | | 1224-000 | 8,909.00 | | 8,909.00 |
| 04/30/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.07 | | 8,909.07 |
| 05/28/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.23 | | 8,909.30 |
| 06/30/10 | INT | BANK OF AMERICA, N.A. | Interest Rate 0.030 | 1270-000 | 0.22 | | 8,909.52 |

|  |  |  |  |
|---|---|---|---|
| COLUMN TOTALS | 8,909.52 | 0.00 | 8,909.52 |
| Less: Bank Transfers/CD's | 0.00 | 0.00 | |
| Subtotal | 8,909.52 | 0.00 | |
| Less: Payments to Debtors | | 0.00 | |
| Net | 8,909.52 | 0.00 | |

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| TOTAL - ALL ACCOUNTS | | | |
| Money Market Account (Interest Earn - *******0422 | 8,909.52 | 0.00 | 8,909.52 |
| | ----------------------- | ----------------------- | ----------------------- |
| | 8,909.52 | 0.00 | 8,909.52 |
| | ============= | ============= | ============= |
| | (Excludes Account Transfers) | (Excludes Payments To Debtors) | Total Funds On Hand |

| | Page Subtotals | 8,909.52 | 0.00 |
|---|---|---|---|

UST Form 101-7-TFR (9/1/2009) *(Page: 5)*

Ver: 15.10b

LFORM24

## TRUSTEE'S PROPOSED DISTRIBUTION

                                                              Exhibit D

Case No.: 09-48025
Case Name: HOLLAND, RHONDA M
Trustee Name: RONALD R. PETERSON

Claims of secured creditors will be paid as follows:

| *Claimant* | *Proposed Payment* |
|---|---|
| _____ | $_____ |
| _____ | $_____ |
| _____ | $_____ |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|
| Trustee: RONALD R. PETERSON | $_____ | $_____ |
| Attorney for trustee: | $_____ | $_____ |
| Appraiser: | $_____ | $_____ |
| Auctioneer: | $_____ | $_____ |
| Accountant: | $_____ | $_____ |
| Special Attorney for trustee: | $_____ | $_____ |
| Charges: | $_____ | $_____ |
| Fees: | $_____ | $_____ |
| Other: | $_____ | $_____ |
| Other: | $_____ | $_____ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

|  | Reason/Applicant | Fees | Expenses |
|---|---|---|---|
| *Attorney for debtor:* | | $ | $ |
| *Attorney for:* | | $ | $ |
| *Accountant for:* | | $ | $ |
| *Appraiser for:* | | $ | $ |
| *Other:* | | $ | $ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $       have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be       percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| *000001* | *DISCOVER BANK* | $ | $ |
| *000002* | *Chase Bank USA, N.A.* | $ | $ |
| *000003* | *PYOD LLC as assignee of Citibank* | $ | $ |

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 000004 | Fia Card Services, NA/Bank of America | $ | $ |

Tardily filed claims of general (unsecured) creditors totaling $         have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be      percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be      percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| | | $ | $ |
| | | $ | $ |
| | | $ | $ |

UST Form 101-7-TFR (9/1/2009) *(Page: 8)*

The amount of surplus returned to the debtor after payment of all claims and interest is $         .